**UNITED STATES of America, Plaintiff and Appellee,**

v.

**Robert BENDER, Appellant.**

**No. 71–1782.**

United States Court of Appeals, Ninth Circuit.

March 20, 1972.

Eugene A. Wright, Circuit Judge, filed concurring opinion.

Gilbert W. Chester (argued), of Chester & Garrett, Phoenix, Ariz., for appellant.

Thomas N. Crowe, Asst. U.S. Atty. (argued), Richard K. Burke, U.S. Atty., Phoenix, Ariz., for appellee.

Before CHAMBERS and WRIGHT, Circuit Judges, and LUCAS, District Judge.

PER CURIAM:

Appellant was tried by a jury and found guilty of violating 18 U.S.C. § 2312, interstate transportation of a stolen vehicle. He is appealing that decision. We find his arguments to be without merit.

■ Appellant argues that he was denied due process of law because the district court's Local Rule 42 was violated. Rule 42 requires the government attorney to furnish defense counsel, at least fifteen days before trial, with "all written or oral confessions, admissions, or statements of the defendant which the government intends to use during the course of the trial." Assuming, arguendo, that Rule 42 was violated, this is not cause for reversal since there is no evidence that that "violation" in any way prejudiced the appellant.

■ Appellant also contends that he was denied effective assistance of counsel. The heart of this claim is that he was improperly advised not to testify in his own behalf. This theory was first advanced in appellant's motion for a new

trial; at that time it was rejected. We do not think the trial judge erred in rejecting this claim.

We affirm.

EUGENE A. WRIGHT, Circuit Judge, (concurring):

I concur, but would add that the claim of a violation of Local Rule 42 is disposed of by our opinion in United States v. Barnes, 431 F.2d 878 (9th Cir. 1970), cert. denied 400 U.S. 1024, 91 S.Ct. 582, 27 L.Ed. 637 (1971), where we said:

> "[A]nd (d) Rule 42 expressly provides the trial court may excuse compliance with the rule which it here did." Barnes, at p. 879.